NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000426
18-MAR-2013
09:40 AM

NO. CAAP-11-0000426

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


HELEN E. PAGLINAWAN, INDIVIDUALLY AND AS THE
TRUSTEE OF THE HELEN E. PAGLINAWAN,
A REVOCABLE LIVING TRUST,
Plaintiff-Appellee,
v.
MICHAEL S.C. ROMPEL AND KARLA LIMA ROMPEL,
Defendants-Appellants


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1RC10-1-9873)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Reifurth and Ginoza, JJ.)

Defendants-Appellants Michael S.C. Rompel and Karla Lima Rompel (Rompels), appeal from the Judgment for Possession and Writ of Possession, entered April 14, 2011, in the District Court of the First Circuit[1] (district court) in favor of Plaintiff-Appellee Helen E. Paglinawan (Paglinawan), Individually and as the Trustee of the Helen E. Paglinawan Trust, A Revocable Living Trust, dated June 9, 2005.

On appeal, the Rompels contend that the district court erred by:

---

[1]     The Honorable Hilary B. Gangnes presided.

1) issuing a Judgment for Possession and Writ of Possession in favor of Paglinawan;

2) failing to consider their affirmative defenses and counterclaims at trial;

3) erroneously allowing Paglinawan's amended pleadings to conform to evidence presented at trial over their objection;

4) erroneously concluding that the Rompels owed late fees;

5) refusing to consider their defense of retaliatory eviction; and

6) awarding Paglinawan attorney's fees pursuant to Hawaii Revised Statutes (HRS) § 666-14 (1993) and costs pursuant to HRS § 607-9 (1993).

I.

On appeal, the Rompels do not challenge the district court's findings and conclusions that the Rompels became month-to-month tenants, that Paglinawan gave the Rompels a 45-day termination notice on September 16, 2010, and that the Rompels did not vacate the rental property (Property) owned by Paglinawan 45 days after receipt of the notice. At trial, the Rompels claimed the defense of retaliatory eviction. However, the district court found the Rompels operated a pizza business on the Property, in violation of the terms of the Residential Lease Agreement (Lease). Accordingly, the district court did not err in holding that Paglinawan was still entitled to possession of the Property pursuant to HRS § 521-74(b)(1) (2006 Repl.).

The Rompels challenge the district court's decision to allow amendments to Paglinawan's pleadings (as it related to breaches of the Lease) to conform to the evidence over their objection. In Paglinawan's First Amended Complaint, she alleged that the Rompels "became a month-to-month tenant after their Lease expired on July 14, 2010," that the Rompels were notified on September 16, 2010 that their Lease would be terminated on

2

November 1, 2010, and that the Rompels refused to vacate and continued to reside on the Property. No conformance to the pleadings was necessary for Paglinawan's claim that the Lease had been terminated after a 45-day notice was provided and that the Rompels failed to vacate the Property. Assuming arguendo, that the district court erred by allowing the pleadings to conform to evidence in support of Palignawan's other grounds for summary possession, it was harmless error.

The Rompels contend the district court erred by concluding they were obligated to pay late fees under the Lease. Paglinawan claimed the Rompels' failure to pay late fees as a basis for asserting that the Rompels breached the Lease. However, as noted above, Paglinawan also claimed that the Lease expired and the Rompels refused to vacate the Property. Thus, even if the district court erred by finding that the Rompels were obligated to pay late fees and that it could be a basis to award Paglinawan possession of the Property, it was harmless error because another valid ground existed to issue the Judgment for Possession and Writ of Possession.

The Rompels contend the district court erred by refusing to consider their affirmative defenses and counterclaims which deprived them of a fair trial. Citing CR Dispatch Serv., Inc. v. Dove Auto, Inc., 86 Hawai'i 149, 154, 948 P.2d 570, 575 (App. 1997), the Rompels claim the district court should have decided all of their counterclaims before issuing a writ of possession.

The Rompels interpretation of CR Disptach is inaccurate. In CR Dispatch, this court held that "[O]nly defenses which would directly affect the right of possession as a tenant or preclude a landlord from recovering possession are allowed." Id. at 153, 948 P.2d at 574. "The court has the discretion in a summary possession case to sever the issue of a determination of the landlord's right to summary possession from

3

other issues." KNG Corp. v. Kim, 107 Hawai'i 73, 79 n.10, 110 P.3d 397, 403 n.10 (2005). In this case, the district court held that only the issue of possession would be heard and that all other claims and counterclaims relating to damages would be addressed in a separate proceeding. Therefore, the district court was only required to hear the Rompels' defenses or counterclaims that would directly affect their possession of the Property or preclude Paglinawan from recovering possession.

The Rompels did not file an answer to Paglinawan's Complaint for Summary Possession or the First Amended Complaint for Summary Possession. It appears on appeal that the Rompels relied on the causes of action stated in their First Amended Counterclaim as "defenses" to summary possession. In their First Amended Counterclaim, the Rompels claimed Breach of Lease and Option, Breach of Covenant of Quiet Enjoyment, Fraud, Fraudulent Concealment, Innocent Misrepresentation, Violation of HRS § 521-42 (habitability), Violation of HRS § 521-44(b) (security deposit), Violation of HRS § 521-43 (designation of licensed real estate agent), Violation of HRS § 521-74(a) (retaliatory eviction), Violation of HRS § 521-63 (habitability), Negligence, Strict Liability, Assumpsit, Injunctive Relief, and Punitive Damages.

Except for the Rompels' counterclaim for a Violation of HRS § 521-74(a) (retaliatory eviction), which the district court did consider, none of the other causes of action asserted in the First Amended Counterclaim were defenses to refusing to vacate the Property after termination of the Lease. The Rompels demanded damages, rescission, or cancellation of the Lease for each of the other causes of action. Even if the Rompels were granted damages, rescission, or cancellation of the Lease based on any of the other causes of action, the Rompels would not be entitled to possession of the Property.

Lastly, the Rompels contend that the district court repeatedly refused the Rompels' attempts to establish retaliatory eviction under HRS § 521-74(a) (2006 Repl.) by ruling that their questions were irrelevant. The Rompels argue that their evidence would have shown that Paglinawan initiated a summary possession proceeding as a pretext after the Rompels complained that repairs were not made, that Paglinawan made an unsupported claim that the Rompels owed late fees, and the City and County of Honolulu, Department of Planning and Permitting suspected code violations which resulted in three citations being issued to Paglinawan.

The Rompels did not specifically identify which questions the district court precluded. Therefore, we are unable to determine whether the Rompels' questions were improperly excluded. However, even if their questions were improperly excluded, it was harmless error.

HRS § 521-74 states in relevant part:

§521-74 **Retaliatory evictions and rent increases prohibited.** (a) Notwithstanding that the tenant has no written rental agreement or that it has expired, so long as the tenant continues to tender the usual rent to the landlord or proceeds to tender receipts for rent lawfully withheld, no action or proceeding to recover possession of the dwelling unit may be maintained against the tenant, nor shall the landlord otherwise cause the tenant to quit the dwelling unit involuntarily, nor demand an increase in rent from the tenant; nor decrease the services to which the tenant has been entitled, after:

(1)     The tenant has complained in good faith to the department of health, landlord, building department, office of consumer protection, or any other governmental agency concerned with landlord-tenant disputes of conditions in or affecting the tenant's dwelling unit which constitutes a violation of a health law or regulation or of any provision of this chapter; or

(2)     The department of health or other governmental agency has filed a notice or complaint of a violation of a health law or regulation or any provision of this chapter; or

(3)     The tenant has in good faith requested repairs under section 521-63 or 521-64.

5

(b) Notwithstanding subsection (a), the landlord may recover possession of the dwelling unit if:

(1) The tenant is committing waste, or a nuisance, or is using the dwelling unit for an illegal purpose or for other than living or dwelling purposes in violation of the tenant's rental agreement[.]

HRS § 521-74(b) provides that notwithstanding HRS § 521-74(a), a landlord may recover possession of the property if the tenant uses the property for a purpose other than living or dwelling in violation of the rental agreement. Assuming that the Rompels satisfied HRS § 521-74(a), the district court held that Paglinawan was still entitled to possession under HRS § 521-74(b)(1) because the Rompels used the Property for a pizza business which was a purpose other than living or dwelling and in violation of the terms of the Lease. The Rompels do not challenge the district court's finding that a pizza business was operated by the Rompels on the Property and that such conduct was in violation of the Lease. Therefore, the district court did not err by issuing a Judgment for Possession

II.

The Rompels contend the district court erred by awarding attorney's fees pursuant to HRS § 666-14 and the case did not involve nonpayment of rent.

The plain language of the statute and legislative history does not support an award of attorney's fees under HRS § 666-14 unless a writ of possession is issued based upon nonpayment of rent.

HRS § 666-14 states:

§666-14 **Writ stayed how, in proceedings for nonpayment of rent.** The issuing of the writ of possession shall be stayed <u>in the case of a proceeding for the nonpayment of rent</u>, if the person owing the rent, before the writ is actually issued, pays the rent due and interest thereon at the rate of eight per cent a year and all costs and charges of the proceedings, and all expenses incurred by plaintiff,

6

> including a reasonable fee for the plaintiff's
> attorney.

(Emphasis added.)

The district court stated in its Memorandum of Decision Regarding Trial For Summary Possession that "[d]efendant's argument that they should have been allowed to present all of their witnesses and evidence during the possession trial fail[ed] to acknowledge that because the basis of plaintiffs' possession action was not a monetary claim for unpaid rent, there was no claim of defendants that could act as a 'set-off' to plaintiffs' possession action." The finding by the district court that Paglinawan's claim was not related to nonpayment of rent foreclosed application of HRS § 666-14 as a basis to award attorney's fees. Therefore, HRS § 666-14 is not applicable to this case and the district court erred by awarding attorney's fees to Paglinawan on that basis.

### III.

The district court awarded Paglinawan costs based on HRS § 607-9. The Rompels argue that HRS § 607-9 does not authorize an award of costs. Rather, the Rompels claim that District Court Rules of Civil Procedure (DCRCP) Rule 54(d) authorizes an award of costs to the prevailing party and that it was premature to award costs to Paglinawan as the prevailing party because she did not obtain a final judgment.

HRS § 607-9 states:

> **§607-9  Cost charges exclusive; disbursements.**
> No other costs of court shall be charged in any court
> in addition to those prescribed in this chapter in any
> suit, action, or other proceeding, except as otherwise
> provided by law.
>
> All actual disbursements, including but not
> limited to, intrastate travel expenses for witnesses
> and counsel, expenses for deposition transcript
> originals and copies, and other incidental expenses,
> including copying costs, intrastate long distance
> telephone charges, and postage, sworn to by an
> attorney or a party, and deemed reasonable by the
> court, may be allowed in taxation of costs. In

> determining whether and what costs should be taxed,
> the court may consider the equities of the situation.

The plain language of HRS § 607-9 does not authorize an award of costs, it merely states which costs are taxable. Rather, DCRCP Rule 54(d) authorizes the district court to award costs to the prevailing party. DCRCP Rule 54(d) states:

> **(d) Costs.** Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]

The district court had the discretion to separate the issue of summary possession from other claims and counterclaims. However, such a procedure does not create two separate actions for purposes of determining a prevailing party. A judgment for possession is immediately appealable under the Forgay doctrine. Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995). "The Forgay doctrine is an exception to the finality requirement for appeals and it allows an appellant to immediately appeal a judgment for execution upon property, even if all claims of the parties have not been finally resolved." Id.

The court in Rapozo v. Better Hearing of Hawai'i, LLC, 120 Hawai'i 257, 261, 204 P.3d 476, 480 (2009) stated:

> The "prevailing party" is the party that prevails on the main disputed issues of a case. Fought & Co. v. Steel Eng'g & Erection, Inc., 87 Hawai'i 37, 52-53, 951 P.2d 487, 502-03 (1998). For the purposes of awarding costs and attorney fees, "[a] party need not 'sustain his entire claim' in order to be a 'prevailing party[.]'" Id. at 52, 951 P.2d at 502. The court must "identify the principal issues raised by the pleadings and proof in a particular case, and then determine, on balance, which party prevailed on the issues." Id. at 53, 951 P.2d at 503.

Paglinawan was the prevailing party on the issue of possession of the Property. However, none of Paglinawan's other claims nor the Rompels' counterclaims were adjudicated at the time costs were awarded. Therefore, it was premature to award Paglinawan costs as the prevailing party to the entire action.

8

IV.

The Judgment for Possession and the Writ of Possession both entered April 14, 2011 in the District Court of the First Circuit are affirmed. The June 21, 2011 Declaration Regarding Attorneys' Fees and Costs awarding attorney's fees and costs, also entered in the District Court of the First Circuit, is vacated and this case is remanded for further proceedings.

DATED: Honolulu, Hawai'i, March 18, 2013.


On the briefs:

Peter J. Lenhart
and
Kevin P.H. Sumida
Ward F.N. Fujimoto
(Kevin Sumida & Associates)
for Defendants-Appellants.

Scott C. Arakaki
Allison M. Fujita
(Badger Arakaki)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

9